UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ - Civ

**10-14178-CV-Moore/Lynch**

JOHN ZUCCARINI,
**Plaintiff**

vs

NAMEJET, INC;
NETWORK SOLUTIONS, INC;
VERISIGN, INC;
ENOM, INC;
**Defendants**

_____/

FILED by _____ D.C.
JUL -7 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT FOR DAMAGES

1. This action is brought by Plaintiff John Zuccarini against the above named Defendants for breach of contract, conspiracy, conversion; Plaintiff seeks damages, injunctive relief, declaratory relief, any other relief the Court sees fair and just, as well as court costs.

## PARTIES TO THE ACTION

2. Plaintiff, **John Zuccarini**, is a citizen of the state of Florida, and at all times relevant has resided at: 190 SW Kanner Highway; Stuart, FL 34997.

3. Defendant **VeriSign, Inc.** ("VeriSign") is a for-profit corporation existing and under the laws of Delaware, during all times relevant, their principal executive

offices were located at: 487 East Middlefield Road, Mountain View, CA 94043; they can be served with Process through their Registered Agent **CT Corporation System**, located at: 818 West Seventh St. Los Angeles, CA 90017.

4. Defendant **Network Solutions, Inc.** ("NSI") is a for-profit corporation existing and organized under the laws Delaware, during all times relevant, their principal place of business was located at: 13200 Woodland Park Rd., Herndon, VA 20171-0000; they can be served with Process through their Registered Agent **CT Corporation**, located at 4701 Cox Rd., Suite 301; Glen Allen, VA 23060-6802.

5. Defendant **Enom, Inc.** ("Enom") is a for-profit corporation, existing and organized under the laws of Nevada, during all times relevant, their principal place of business was located at: 15801 N.E. 24th Street; Bellevue, WA 98008, where they can be served with process through **Richard Danis**, who is listed as their Registered Agent.

6. Defendant **NameJet, Inc.** ("NameJet")[1] is a for-profit corporation existing and organized under the laws Nevada, during all times relevant, their principal place of business was located at: 15801 NE 24th St.; Bellevue, WA 98008; they can

---

[1] From research, Plaintiff has come to the conclusion that NameJet is either part of Enom, or is a subsidiary or Enom; they both have the same address, and both share the same Registered Agent. Nevertheless, Plaintiff has named them separately as Defendants in order to cover all possibilities.

2

be served with Process through their **Registered Agent Richard Danis**, located at: 15801 NE 24th Street; Bellevue, WA 98008.

7. The Defendants,[2] and each of them, were the agents, employees, representatives, partners, officers, principals and/ or joint venturers of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the scope, course and purpose of such agency, employment or position, or within the apparent scope, course and purpose of such agency, employment or position and with permission and consent of each of the remaining defendants.

8. Plaintiff is informed and believes, and upon such information and beliefs allege, that each of the Defendants, inclusive, were, at all times herein mentioned, acting in concert with, and in conspiracy with, each and every one of the remaining Defendants.

## JURISDICTION

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332 (a), as this is a diversity action; the parties are citizens of different states,[3] and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and

---

[2] Whenever appearing in this complaint, each and every reference to Defendants or to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, unless said reference is specifically qualified.

[3] §1332(c)(1) "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"

3

costs.

## FIRST CAUSE OF ACTION

### Breach of Contract

10. Plaintiff incorporates by reference paragraphs 1 through 9, inclusive, of this Complaint including all paragraphs of general allegations as if the same were fully set forth herein.

11. Over the years, Plaintiff has obtained and registered domain names, abided by and adhered to agreements/contracts between himself and named defendants.

12. A copy of one such Agreement/Contract is attached as *"Exhibit A"*.

13. Defendant NSI, in a malicious, negligent act, and with no regard to Plaintiff's Rights, breached the agreement/contract by voluntarily transferring "90 subject domain names which were registered with it." An act to which Defendant judicially admitted[4] on June 14, 2010, *"Exhibit B"* page 5. (B-5)[5]

14. A Domain name registrant acquires "the intangible contractual right to use a unique domain for a specified period of time"; "a domain name registration is the product of a contract for services between the registrar and registrant."[6]

---

[4] "the registration for the 90 subject domain names were transferred from Zuccarini's accounts to Network Solutions' account controlled by Blacksburg"

[5] (B-5) = Exhibit B, page 5.

[6] ***Network Solutions, Inc. v Umbro Int'l, Inc.*** 259 Va. 759, 529 S.E.2d 80, 86 (2000); (quoting *Doer v. Arel*, 60 F. Supp. 2d 588, 561 (E.D. Va. 1999)). See also ***Palacio del Mar Homeowners Ass'n v. McMahon***, 174 Cal. App. 4th 1386, 1391, 95 Cal. Rptr. 3d 445, 449 (2010)(Domain name registration supplies the intangible 'contractural right to use a unique domain name for a specified period of time.'")

4

15. NSI is surely, very familiar with the *Palacio* case, and since VeriSign is located in CA; VeriSign's Vice President resides in CA, the defendants have actual knowledge of Cal. statutes concerning domain names; including the knowledge that Cal. statute limits judgments to tangible property that can be "levied upon by taking it into custody"; "there can be no turnover order in aid of writ of attachment for intangible assets incapable of being taken into custody" *Id.*

16. NSI, has admitted to "voluntarily" giving the domains away (B-5), with actual knowledge that giving away the domain names was violating CA state law, VA law, and/or federal laws and/or regulations, for which they would be held liable.[7]

17. A third party continues to hold ninety-three (93) Domain names, which NSI and/or Enom unlawfully transferred from Plaintiff's ownership, in violation of CA and VA statutes, and the contract between the Plaintiff and VeriSign, and/or NSI, and/or Enom and/or NameJet. *"Exhibit C"*

18. During the month of May 2010, fourteen (14) of the ninety (90) domain names transferred by NSI were auctioned by NameJet, in violation of CA and VA statutes. Plaintiff believes that the remaining Domain names will be unlawfully auctioned off as well, if this Court fails to act swiftly.

19. Domain Names have the potential to "produce good income for the party

---

[7] *Kremen v. Cohen*, 337 F.3d, 1024 (9th Cir. 2003).

5

registering the domain names"; the names held at this particular time are producing around Five Thousand Eight Hundred Dollars ($5800.00) per month, which would be part of Plaintiff's livelihood, and his future.

20. Plaintiff has suffered irreparable harm, as one of the domain names, govermentgrants.com was auctioned for Fifty-Three Thousand Twenty-Two Dollars ($53,022.00) *"Exhibit D."*[8]. Several other Domain Names owned by Plaintiff auctioned the same day, for a total of around Sixty-Five Thousand Dollars ($65,000.00) (D-2).

21. By NSI's own judicial admissions, the amount of the fourteen (14) domain names that were auctioned totaled around $80,000.00 (B-7 first paragraph).

22. Ninety-three (93) Domain Names that were unlawfully transferred from Plaintiff to a third party, are still in the hands of the third party; but it is only a matter of time until those domain names are also auctioned off.

23. The domain names that were previously auctioned off unjustly enriching NSI and/or Enom/NameJet in the neighborhood of Eighty-Thousand Dollars ($80,000.00); the entity that the domain names were registered through, NSI, received eighty percent (80%) of the proceeds.

24. Both VeriSign and NSI have a reputation for the unlawful transfer of domain names to other individuals, as shown in Domainnamenews.com (DNN) article

---

[8] Enom/NameJet, wrote the article in Exhibit C , and according to Enom/NameJet, the Domain Name that auctioned for "$53K" is worth "$500K" (C-1)

*"Network Solutions Front-Running Leads to $1 Million Class Action Settlement"* by Adam Strong[9] dated April 29, 2009 *"Exhibit E"*.

25. Even before that, on April 10, 2008 the Domainnamenews article *"Network Solutions Got Game - Hijacking Sub-Domains -* by Chad Ketter; showed that Network Solutions' "lust for profits", has caused issue of "whether or not the company is looking to make money through controversial means, but rather of question of how far they're willing to go to do so." *"Exhibit F"*

26. Another article from CnetNews.com discusses the infamous "sex.com" case[10] that named as defendants, both VeriSign and NSI; the case was taken to court on the grounds that the defendants in that case, allowed someone else to take that Plaintiff - Kremen's Domain name, sex.com. *"Exhibit G"*

27. The actions of the defendants were committed intentionally, willfully, wantonly, maliciously, and with total disregard of the contract and Plaintiff's Rights.

28. As a direct and proximate result of the defendants' actions, the Plaintiff suffered a great loss and injury, and will continue to suffer great loss and injury, from the acts of the defendants.

29. Plaintiff thus demands an award of compensatory damages in the amount of

---

[9] Adam Strong is also DNN founder: http://www.domainnamenews.com/up-to-the-minute/dnn-founder-adam-strong-joins-growing-partnership-mocom/7663

[10] *Kremen v. Cohen*, 337 F.3d 1024 (9th Cir. 2003)

Five Hundred Thousand Dollars ($500,000.00) from each defendants, and actual, and punitive damages.

## SECOND CAUSE OF ACTION
### Conversion

30. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint including all unnumbered paragraphs of general allegations as if the same were fully set forth herein.

31. It has been well founded that "the right to use a domain name is a form of intangible personal property"[11]

32. "Registrants have a legitimate claim to exclusivity". "It informs others that the domain name is the registrant's and no one else's."[12]

33. Plaintiff in this case, undoubtedly "owned" the domain names that were given away.

34. There was "wrongful disposition of Plaintiff's property right and damages" from the giving away of the domain names.

35. The acts of the defendants have caused Plaintiff's future to become more uncertain than it already is, has effected and hindered his livelihood, and his ability to pay his debts.

---

[11] *Network Solutions, Inc. v Clue Computing, Inc.*, 946 F.Supp. 858, 860 (D.Colo. 1996)(same)

[12] See *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv, Inc.*, 958 F.2d at 900; *Kremen v. Cohen*, 337 F.3d 1024 (9th Cir. 2003)

8

36. The actions of the defendants were committed intentionally, willfully, wantonly, maliciously, and with total disregard of the contract and Plaintiff's Rights.

37. As a direct and proximate result of the defendants' actions, the Plaintiff suffered a great loss and injury, and will continue to suffer great loss and injury, from the acts of the defendants.

38. Plaintiff thus demands an award of compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000.00) from each defendants, and actual, and punitive damages.

## THIRD CAUSE OF ACTION
### Civil Conspiracy

39. Plaintiff incorporates by reference paragraphs 1 through 38, inclusive, of this Complaint including all unnumbered paragraphs of general allegations as if the same were fully set forth herein.

40. Defendants all had actual knowledge of both Virginia and California law concerning intangible property, and garnishments; as well as actual knowledge of domain names; they worked a conspiracy to obtain and auction Plaintiff's domain names in the name of greed.

41. Defendants, each of them, have actual knowledge that under California law, just as under Virginia law, intangible property cannot be levied upon.

9

42. Defendants agreed, between and among themselves, to engage in action and in a course of conduct designed to further an illegal act or accomplish a legal act by unlawful means, and to commit one or more overt acts in furtherance of the conspiracy to transfer and auction the domain names.

43. The only logical conclusion for violating the contract between Plaintiff and themselves, was to set it up to where a third party's actions would result in the unlawful auctioning of the domain names; or the lawful auctioning by unlawful means, resulting in a substantial amount of money going to the defendants, while the guilt pointed to the third party, not themselves.

44. Defendants agreed between and among themselves to engage in the conspiracy for the common purpose of accruing economic gains for themselves, at the expense and detriment to the Plaintiff.

45. The act was made possible because the relationship between VeriSign, NSI, and Enom/NameJet.

46. The acts of the defendants have caused Plaintiff's future to become more uncertain that it already was, has effected and hindered his livelihood, and his ability to pay his debts.

47. The actions of the defendants were committed intentionally, willfully, wantonly, maliciously, and with total disregard of the contract and Plaintiff's Rights.

48. As a direct and proximate result of the defendants' actions, the Plaintiff suffered a great loss and injury, and will continue to suffer great loss and injury, from the acts of the defendants.

49. Plaintiff thus demands an award of compensatory damages in the amount of Five Hundred Thousand Dollars ($500,000.00) from each defendants, and actual, and punitive damages.

## CAUSE OF ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS

50. Plaintiff incorporates by reference paragraphs 1 through 48, inclusive, of this Complaint including all unnumbered paragraphs of general allegations as if the same were fully set forth herein.

51. Plaintiff alleges that an actual controversy exists as to the following issues:

52. Plaintiff alleges that a judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain his rights under the Contract, and as to defendant's right to reclaim the auctioned domain names; all proceeds unjustly gained by the defendants; and all of Plaintiff's domain names transferred unlawfully to a third party.

53. Plaintiff alleges that actions of the defendants have undermined their right to any proceeds from the auction of domain names, and that they have interfered, continue to interfere, and will interfere in the future with Plaintiff's right to

11

hold intangible property, which both CA and VA laws have stated are not subject to turnover, garnishment, etc.

54. By the action above and set forth herein, Plaintiff has a strong likelihood of prevailing on the merits of the case. Plaintiff requests that this Court grant a Preliminary Injunction restraining order, and injunctive relief under Fed. R. C. P. Rule 65(b); Fla. R. Civ. P.: 1.610 to prohibit the sale/auctioning of domain names, and secondly a permanent injunction precluding defendants from engaging in the wrongful conduct identified herein in the future.

## PLAINTIFF'S REQUEST FOR RELIEF AND JUDGMENT AGAINST THE DEFENDANTS, AND EACH OF THEM AS FOLLOWS:

55. Plaintiff incorporates by reference paragraphs 1 through 53, inclusive, of this Complaint including all unnumbered paragraphs of general allegations as if the same were fully set forth herein

56. That the transfer of domain names to a third party be deemed illegal and void, and the same be permanently enjoined, and relinquish to Plaintiff the sum of Eighty Thousand Dollars ($80,000.00) that defendants were unjustly enriched.

57. That the selling/auctioning of the domain names is illegal and void, and the fourteen (14) auctioned domain names must be returned. *"Exhibit H"*

58. That the actions of all defendants be determined to be unfair and deceptive business practices in Violation of CA law, VA law, and that this Court award

all such relief to Plaintiff as he may be entitled to, including treble damages and an award of costs and attorney's fees;

59. That the actions of defendants be determined to be in violation of Cal. Civil Code, Va. Civil Code, and Fla. Civil Code.

60. A permanent injunction precluding defendants, and each of them from engaging in the wrongful conduct identified herein;

61. For compensatory damages against each defendant for not less than $500,000.00;

62. For punitive and exemplary damages against defendants in a sum to be decided by a Jury or the Court, or by whatever means are appropriate.

63. For award of court costs and reasonable costs incurred due to the suit; and

64. For any other relief this Court may deem fair and just.

Respectfully submitted, this 7th day of July, 2010

By: *John Zuccarini*

JOHN ZUCCARINI, Pro Se
190 SW Kanner Highway
Stuart, FL  34997
raveclub@comcast.net
(772) 631-3887

## VERIFICATION

I, John Zuccarini, am the Plaintiff in the above-titled action. The foregoing complaint has been prepared from firsthand knowledge. Further, I have reviewed the contents and state that all allegations have come from my own knowledge, and are true and correct. The Exhibits, although some are taken from articles, have not been altered in form or substance except to format into a printable material for use as Exhibits, and the website links for each is included herein. I have reviewed each Exhibit and state that they are true and correct in accordance with my first hand knowledge. I so declare, under penalty of perjury.

_____
JOHN ZUCCARINI

Subscribed to and Sworn Before Me
This 7 day of July, 2010

Cheryl Morello
NOTARY PUBLIC, State of Florida


CHERYL MORELLO
MY COMMISSION # DD885365
EXPIRES April 29, 2013
(407) 398-0153     FloridaNotaryService.com

14

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
John Zuccarini

**DEFENDANTS** NameJet, Inc., Network Solutions, Inc., VeriSign, Inc., Enom, Inc.

(b) County of Residence of First Listed Plaintiff: Martin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro Se
190 SW Kanner Highway
Stuart, FL 34997

Attorneys (If Known): Unknown

10-14178-CV-Moore/Lynch

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☑ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☑ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO
b) Related Cases ☐ YES ☑ NO
JUDGE: _____
DOCKET NUMBER: _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1332 Diversity
Breach of Contract, Conversion, Civil Conspiracy
LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $500,000 Each
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD: John Zuccarini
DATE: 7/7/2010

FOR OFFICE USE ONLY
AMOUNT $350.00  RECEIPT # 23  IFP _____